THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-553-FL

| | |
|---|---|
| VENICE ELAINE WATSON, ) <br> ) <br> Plaintiff/Claimant, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Claimant Venice Elaine Watson ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, this Court recommends granting Claimant's Motion for Judgment on the Pleadings, denying Defendant's Motion for Judgment on the Pleadings and remanding the case to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

## STATEMENT OF THE CASE

Claimant filed an application for DIB and SSI payments on 7 February 2006, alleging disability beginning 1 November 2005. (R. 284-86). Both claims were denied initially and upon reconsideration. (R. 256-57, 269-73, 275). A hearing before the Administrative Law Judge ("ALJ") was held on 15 May 2008, at which Claimant was represented by counsel and a

vocational expert ("VE") appeared and testified. (R. 406-434). On 18 June 2008, the ALJ issued a decision denying Claimant's request for benefits. (R. 11-23). On 18 September 2008, the Appeals Council denied Claimant's request for review. (R. 6-8). Claimant then filed a complaint in this Court seeking review of the now final administrative decision.

## STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla...and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

2

## DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," *i.e.*, currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Commissioner of the SSA*, 174 F.3d 473, 474 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c) and 416.920a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* §§ 404.1520a(c)(3); 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(2); 416.920a(e)(2).

In this case, Claimant alleges the following errors by the ALJ: (1) failure to acknowledge and explain weight accorded to Medicaid's determination of disability; and (2) improper

3

assessment of Claimant's residual functional capacity ("RFC"). *See* Pl.'s Mem. in Supp. of Pl.'s Mot. for J. on the Pleadings at 7, 9. ("Pl.'s Mem.").

## FACTUAL HISTORY

### I. ALJ's Findings

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant was no longer engaged in substantial gainful employment. (R. 16). Next, the ALJ determined Claimant had the following severe impairments: (1) degenerative joint disease of the knees; (2) depression and (3) obesity. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17). In reviewing Claimant's alleged mental impairments and applying the technique prescribed by the regulations, the ALJ found that Claimant had mild limitations in activities of daily living and in social functioning, moderate limitations with regard to concentration, persistence or pace and no episodes of decompensation. (R. 18).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform a limited range of simple, routine, repetitive tasks between the range of sedentary and light work[1] with the need to alternate sitting and standing every 30 minutes and no

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a); S.S.R. 96-9p, 1996 WL 374185, at *3. "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled

4

balancing, climbing or working around heights or dangerous machinery. (R. 19). At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work as an industrial cleaner and a tobacco checkout clerk/shipper checker. (R. 22). Nonetheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 23).

## II. Claimant's Testimony at the Administrative Hearing

At the time of Claimant's administrative hearing, Claimant was 49 years old, unemployed and a recipient of Medicaid benefits. (R. 411-12, 414). Claimant attained a ninth grade education and had been pursuing her GED since 2007. (R. 411). Claimant was last employed with Tobacco Processors, and worked initially as a sweeper and then as a tobacco checkout clerk. (R. 412, 428). Claimant left her position with Tobacco Processors in 2002 because her legs became weak. (R. 413). Claimant testified further that she made no attempts to find less strenuous work. (R. 414).

Claimant explained numerous medical conditions support her disability claim and her inability to work full-time. These medical conditions include numbness, tingling and burning sensations in her legs and feet when she stands for approximately twenty minutes, popping in

---

sedentary occupations administratively noticed in 20 C.F.R. § 404, Subpt. P, App. 2, Table 1. *Id.*

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

5

both knees, numbness and tingling in her arms and hands, chest pains, acid reflux, hypertension, depression and concentration problems. (R. 414, 416, 418-19, 422-24). Regarding her lower extremities, Claimant reported the following: (1) her legs often "give out," causing her to lose balance and fall (R. 415); (2) swelling in her legs and feet is under control with medication (R. 415); (3) she underwent one cortisone injection in her left knee which alleviated her symptoms for approximately two weeks (R. 417); (4) she does not wear a knee brace (R. 418); and (5) she elevates her legs and feet on a footstool for relief (R. 416). With respect to her hands and arms, Claimant explained she (1) cannot hold items for too long otherwise her hands "freeze up" and pain shoots through her fingers and hands; (2) is capable of picking up a gallon of milk; and (3) experiences stiffness and a burning sensation in her hands when writing. (R. 420-21).

Claimant attributed her chest pains, which she experiences every other day, to acid reflux for which she takes Prilosec. (R. 422). Claimant attributed her depression to her inability to work and health worries, explaining it began however with the death of her fiancé. (R. 423-24). Claimant takes Zoloft for depression, which "calms" her; however, it does not alleviate her inability to rest. (R. 424). Claimant's hypertension is under control with medication. (R. 423).

Claimant lives in an apartment that is handicapped-equipped. (R. 420). Family members assist Claimant with daily household chores. (R. 425). When Claimant cooks or cleans dishes, she must do so sitting down. (R. 425). Claimant spends the majority of her time laying down unless she is attending classes for her GED. (R. 423). Claimant stated that she is capable of standing for no more than twenty minutes but can sit without incident. (R. 418). Claimant does not have a driver's license as she never took the driving test. (R. 411-12). Claimant attends church twice a week. (R. 425-26).

6

Case 5:08-cv-00553-FL   Document 20   Filed 06/03/09   Page 6 of 10

### III. Vocational Expert's Testimony at the Administrative Hearing

Stephen Carpenter, a certified rehabilitation counselor, testified as a VE at the administrative hearing. (R. 279, 426-31). After the VE testified regarding Claimant's past work experience (R. 427-28), the ALJ posed the following hypothetical:

> Assume an individual age 49 with a 10th grade education . . . assume a limited range of light work such that the individual could stand and walk four hours, sit six hours in an eight-hour day, could lift, carry, push and pull 20 pounds occasionally, 10 pounds frequently, but standing and walking would be limited to no more than 30 minutes at a time, and then would need to sit for at least 30 minutes or sit for longer than that, if necessary. So a sit-stand option would be needed. Would have to sit after 30 minutes of standing and walking. Also, there would be non-exertional limitations, including no balancing or climbing, no working at heights or around dangerous machinery, and the individual would be limited to simple, routine, repetitive tasks. . . . [C]ould such an individual do any of the Claimant's past relevant work?

(R. 428). The VE responded in the negative. *Id.* However, the VE responded the individual could perform requirements of representative light occupations with a specific vocational preparation ("SVP") time of two, such as sales attendant (DOT 299.677-101), office helper (DOT 239.567-010) and assembler, Electronic Accessories I (DOT 729.687-010). (R. 429).

The ALJ then asked how the additional limitations of frequent (as opposed to constant) handling and fingering and the use of a foot stool (approximately a foot high) when sitting would impact the above-named jobs. *Id.* The VE explained all jobs could be performed with the exception of the assembler position. (R. 429-30). In response to questioning from Claimant's counsel, the VE testified further that if the hypothetical claimant needed to lie down and rest in excess of normal breaks provided during the workday, this limitation would eliminate the ability to meet attendance, work pace and performance demands of the cited jobs. (R. 431).

7

# DISCUSSION

I. **The ALJ erred in failing to discuss Medicaid's determination of disability.**

Claimant contends the ALJ erred in failing to discuss the decision of the North Carolina Department of Health and Human Services finding Claimant eligible for Medicaid benefits. Pl.'s Mem. at 7. This Court agrees.

The regulations governing the Social Security Administration's ("SSA") disability determinations provide that "[a] decision by . . . any other governmental agency about whether you are disabled . . . is based on its rules. . . . We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us." 20 C.F.R. §§ 404.1504, 416.904. Nevertheless, another governmental agency's decision that a claimant is disabled is "evidence" that must be considered by the SSA. *See* 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5); Soc. Sec. Rul. ("S.S.R.") 06-03p, 2006 WL 2329939. Moreover, "the adjudicator should explain the consideration given to [decisions by other agencies] in the notice of decision for hearing cases . . . ." S.S.R. 06-03p, at *7, 2006 WL 2329939, at *7; *see Bridgeman v. Astrue*, No. 4:07-CV-81-D(3), 2008 WL 1803619, at *10 (E.D.N.C. Apr. 21, 2008) (citations omitted) (reman ding case where ALJ noted Claimant's eligibility to receive Medicaid assistance but failed to accord any weight to the state agency opinion); *Goins v. Astrue*, No. 5:06-CV-30-FL (E.D.N.C. Mar. 12, 2007) (remanding case where ALJ failed to consider state agency decision approving claimant's application for Medicaid); *Owens v. Barnhart*, 444 F. Supp. 2d 485, 492 (D.S.C. 2006) (noting that the ALJ is not bound by another government agency's decision, but "should be required to provide sufficient articulation of his reasons for [rejecting the decision] to allow for a meaningful review by the courts").

On 13 March 2008, the North Carolina Division of Vocational Rehabilitation Services issued a decision finding Claimant was eligible for Medicaid benefits. (R. 309). The ALJ failed to discuss this evidence. Also, while the ALJ made passing reference to S.S.R. 06-3p in his decision, he did not discuss this ruling in any detail. (R. 19). Citing no compelling authority, Defendant describes the state agency disability finding as "irrelevant," implying any error by the ALJ is harmless. *See* Def.'s Mem. in Supp. of Def.'s Mot. for J. on the Pleadings at 13. ("Def.'s Mem."). In particular, Defendant explains the state agency finding "only references disability with regard to 20 C.F.R. § 416.920(f), which speaks about an impairment preventing one from doing past relevant work." *Id.* As the ALJ also found Claimant incapable of performing past relevant work, *see* (R. 22), Defendant implies that the ALJ's decision is consistent with that of the state agency and thus has "no probative value." Def.'s Mem. at 13.

However, as discussed above, the ALJ must consider and accord weight to the disability decisions of other agencies. *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) (explaining "the disability determination of a state agency is entitled to consideration by the [ALJ]); *see also Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968) ("Weight should be given to the findings of the Virginia Compensation Commission even though same is not determinative of the issue.") (quoting *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963)). As the ALJ failed to provide a sufficient explanation of the weight given to probative evidence, this Court cannot determine that the ALJ's decision is supported by substantial evidence. *See Sterling Smokeless Coal Co.*, 131 F.3d at 439.

Because the ALJ did not consider and make findings regarding the Medicaid decision, as required, this case should be remanded to the ALJ for reconsideration. Accordingly, Claimant's

motion for judgment on this issue should be allowed and the corresponding portion of Defendant's motion denied. Because the Court finds that remand as to this issue is appropriate, it does not reach the RFC assignment of error raised by Claimant.

## CONCLUSION

For the reasons stated above, this Court RECOMMENDS Claimant's Motion for Judgment on the Pleadings be GRANTED, Defendant's Motion for Judgment on the Pleadings be DENIED and the case be REMANDED to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 2nd day of June, 2009.

Robert B. Jones, Jr.
United States Magistrate Judge