IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-553-FL

| | |
|---|---|
| VENICE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on parties' cross-motions for judgment on the pleadings (DE ## 16, 18). On June 2, 2009, United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R") wherein it was recommended that plaintiff's motion be granted, defendant's motion be denied, and the case be remanded to the Commissioner of Social Security ("Commissioner"). Defendant filed objections to the M&R on June 10, 2009, to which plaintiff did not respond. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 7, 2006, alleging a disability onset date of November 1, 2005. The applications were denied initially and upon reconsideration, and request for hearing was timely filed. On May 15, 2008, hearing was held before Administrative Law Judge ("ALJ") Larry A. Miller, at which plaintiff was represented by counsel. A vocational expert appeared and testified at the

hearing. The ALJ issued decision on June 18, 2008, denying plaintiff benefits based on the finding that there are jobs that exist in significant numbers in that national economy that plaintiff can perform. Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied on September 18, 2008. Plaintiff timely commenced this action for judicial review on November 12, 2008, pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the denial of benefits by the Commissioner under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

2

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

**B.     Analysis**

The magistrate judge recommended the case be remanded because the ALJ failed to discuss the decision of the North Carolina Department of Health and Human Services finding plaintiff eligible for Medicaid benefits. (R. 309.)

Under the regulations, decisions by other governmental agencies as to whether someone is disabled are not binding on the Social Security Administration, but they do constitute evidence that must be considered. 20 C.F.R. §§ 404.1504, 416.904. A recent Social Security Ruling states, "[W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939 at *6. The Ruling continues:

> . . . because other agencies may apply different rules and standards than we do for

3

determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Id. at *7.

The ALJ certainly could not be said to have "explain[ed] the consideration given" to the state Medicaid decision in his ruling, as he neglected to mention it entirely. Nevertheless, the government objects to the M&R on the grounds that this omission was harmless error, and as such does not warrant remand. The government contends that the state Medicaid benefits decision only expressly references disability with regard to 20 C.F.R. § 416.920(f), which pertains to the claimant's ability to perform past relevant work. Accordingly, the government argues, the decision that plaintiff was eligible for Medicaid benefits is irrelevant because the ALJ also found that plaintiff was incapable of performing past relevant work.[1] The government attempts to bolster its contention that the Medicaid decision is irrelevant by noting that the administrative transcript does not mention what impairment was involved or what medical evidence was considered. (R. 309.)

That the ALJ reached the same conclusion as the North Carolina Department of Health and Human Services on the issue of whether plaintiff was capable of performing past relevant work does not render the Medicaid decision extraneous or irrelevant. As a preliminary matter, the court notes that the Medicaid ruling does not solely reference the subsection of the regulations that pertains to past relevant work, but indeed states, "the Medicaid Eligibility Manual requires that an applicant meet the Supplemental Security Income Standards found at 20 C.F.R. 416 in order to be eligible for Aid to the Disabled-Medical Assistance." (R. 309.) Further, Social Security Ruling 06-03p

---

[1] The ALJ ultimately denied disability on the grounds that plaintiff could perform other jobs that exist in significant numbers in the national economy.

specifically states that decisions of other governmental agencies are relevant, and therefore must be considered and explained, even if they apply completely different rules and standards. S.S.R. 06-03p. Finally, courts of this district have determined remand is necessary in situations where an ALJ mentioned a Medicaid eligibility decision, but failed to properly explain why it was discounted. Bridgeman v. Astrue, 2008 WL 1803619, *10 (E.D.N.C. Apr. 21, 2008); see also Goins v. Astrue, No. 5:06-CV-30-FL (E.D.N.C. Mar. 12, 2007) (rejecting the government's objection to the M&R that an ALJ's failure to consider a state Medicaid decision is the type of error that does not warrant remand.). For these reasons, the ALJ's failure to refer to the state Medicaid decision in his ruling cannot be considered harmless error, and so the government's objections are without merit.[2]

## CONCLUSION

The court adopts the M&R in its entirety. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 16) is GRANTED, defendant's motion for judgment on the pleadings (DE # 18) is DENIED, and this matter is REMANDED to the Commissioner for proceedings consistent with this order and the M&R. The clerk is directed to close the case.

SO ORDERED this the 3 day of August, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2]The government also lodges an objection pertaining to findings regarding plaintiff's credibility.. As the magistrate judge's recommendation to remand was based solely on the Medicaid decision issue addressed above and does not involve plaintiff's credibility, there is no need to address the government's credibility objections here.